**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| JOSEPH WASHINGTON, | ) | Case No.: 3:14-CV-551-J-34PDB |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| -against- | ) | |
| | ) | |
| | ) | **COMPLAINT AND** |
| CONVERGENT OUTSOURCING, INC. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, JOSEPH WASHINGTON, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, CONVERGENT OUTSOURCING, INC. as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages arising from Defendant's violations of 15 U.S.C. §1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), and violations of Fla. Stat. § 559.55, et seq., the Florida Consumer Collection Practice Act (hereinafter ("FCCPA"), which both prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

**JURSIDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff, Joseph Washington, is a natural person who at all relevant times has resided at 2693 Sanduski Ave. Jacksonville, Florida 32216, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA and §559.55(2) of the FCCPA.

5.      Defendant, Convergent Outsourcing, Inc. is a corporation doing business in the state of Florida, with its corporate office mailing address located 800 SW 39th Street Renton, WA 98057, and is a "debt collector" as that term is defined by 15 U.S.C §1692a(6) of the FDCPA and §559.55(6) of the FCCPA.

## FACTUAL ALLEGATIONS

6.      In or around February of 2014, Plaintiff began receiving calls from Defendant in relation to an alleged debt due and owing on a Sprint wireless account.

7.      Upon information and belief, Sprint is the original and current creditor.

8.      On February 25, 2014, Defendant placed a call to Plaintiff's place of employer, Stellar Recovery, Inc. (hereinafter "Stellar"), from the phone number (800) 423-9397.  An agent of Stellar fielded the phone call and took a message for Plaintiff.  A complete and accurate log of all phone calls, both inbound and outbound, involving Defendant's phone number (800) 423-9397 is attached hereto as Exhibit "A".

9.      On March 3, 2014 at 9:29:29am, Defendant placed a second phone call to Stellar in an attempt to contact Plaintiff.  Once again, a message was left for Plaintiff to call Defendant. The message was relayed to Plaintiff.  Plaintiff proceeded to leave the building and called

Defendant from his cellular phone. The phone call lasted four (4) minutes, during which time Plaintiff requested Defendant cease and desist with phone calls to his place of business. See Exhibit "A".

10.     On March 7, 2014 at 9:50:11am, Defendant placed a third phone call to Plaintiff's place of business. Once again, a message was left to have Plaintiff call Defendant. Plaintiff, from his workplace telephone line, immediately called Defendant back at 9:56:04am. The phone call lasted approximately five (5) minutes, during which time Plaintiff once again requested a cease and desist of phone calls at his place of business. See Exhibit "A".

11.     On March 11, 2014 at 4:01:28, despite Plaintiff's repeated instructions, Defendant placed a fourth phone call to Plaintiff's place of business. Once again, a message was left to have Plaintiff call Defendant. Plaintiff, from his workplace telephone line, called Defendant back at 5:57:35pm. The phone call lasted approximately six (6) minutes, during which time Plaintiff once again requested a cease and desist of phone calls at his place of business. See Exhibit "A".

12.     On March 14, 2014 at 9:52:12, Defendant placed a fifth phone call to Plaintiff's place of business. This phone call was fielded by a representative of Stellar who happened to be in a cubicle adjacent to Plaintiff. The representative handed the phone to Plaintiff who, at wits end with the phone calls to his place of employment, requested to speak with a manager. Plaintiff was placed on hold for approximately seven (7) minutes. Plaintiff terminated the call without being connected to a supervisor as to not tie up his co-worker's telephone line during business hours for a personal issue. Plaintiff called Defendant back from his own personal work station and again asked for a supervisor. Upon the eventual connection to a supervisor, Plaintiff

reiterated his desire for Defendant to cease phone calls to his place of business. The call lasted approximately five (5) minutes. See Exhibit A.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

13.   Plaintiff repeats the allegations contained in paragraphs 1 through 12 and incorporate same as if fully set forth herein.

14.    Defendant placed a total of four (4) phone calls to Plaintiff's place of business after being advised to cease and desist with calls to same.

15.    Defendant, having been put on notice that all phone calls to Plaintiff's place of business were to immediately cease, violated 15 U.S.C. § 1692(c)(3) a total of four (4) times, with four (4) separate and distinct calls on March 3, 7, 11 and 14 2014.

16.    Defendant, having placed a total of four (4) phone calls to Plaintiff's place of business after being put on notice that calls to same were to cease, has violated 15 U.S.C. §1692(d)(5). Defendant has engaged in a continuous and systemic campaign to harass Plaintiff at his place of business. This harassment is not "harassment for harassment's sake" but rather harassment to induce payment of monies allegedly due and owing on the account Defendant is servicing.

17.    Plaintiff has been damaged and is entitled to relief.

## COUNT II
## VIOLATIONS OF FLA. STAT. § 559.72 et seq.

18.    Plaintiff repeats the allegations contained in paragraphs 1 through 12 and incorporate same as if fully set forth herein.

19.     Defendant placed a total of five (5) phone calls to Plaintiff's place of employment.

20.     Defendant has made accusations that Plaintiff has an underlying debt due and owing to Defendant.

21.     The alleged underlying debt, currently and at all times relevant, has not been reduced to a judgment.

22.     The alleged underlying debt has not been acknowledged in writing by Plaintiff.

23.     Written permission to contact Plaintiff's place of business has not been provided by Plaintiff.

24.     In light of the above paragraphs 19, 20, 21, 22 and 23, Defendant has committed five (5) separate and distinct violations of Fla. Stat. § 559.72(4) by contacting Plaintiff's employer on five (5) separate occasions.

25.     Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

26.     Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

a)      That an Order be entered declaring Defendant's actions, as described above, are in violation of multiple sections of the FDCPA;

b)      That an Order be entered declaring Defendant's actions, as described above, are multiple violations of Fla. Stat. §559.72(4);

c)   That judgment be entered against Defendant for actual and statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B) and 15 U.S.C. §1692k(a)(1);

d)   That judgment be entered against Defendant for actual and statutory damages, pursuant to Fla. Stat. §559.77(2);

e)   That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3) and Fla. Stat. §599.77(2); and

f)   That the Court grant such other and further relief as may be just and proper.

Dated: May 8, 2014                                    Respectfully Submitted,

By: /s/ Jason S. Weiss
Attorney for Plaintiff
Jason S. Weiss, Esq.
Florida Bar # 356890
On Behalf of:
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: Jason@jswlawyer.com